FILED
APR 19 2017
DAVID CREWS, CLERK
BY D. Adams
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA
v.

CRIMINAL NO: 4:17 CR048

WILLIE FORD, JR.
CAMESAE RASH
JIMMIE HUGGINS, a/k/a "Butterman"
ALLEN HARPER, a/k/a "Bugeye"

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 924

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

### Conspiracy to Distribute Cocaine
### 21 U.S.C. § 846

Beginning at a date unknown unknown to the Grand Jury, but beginning on or about September 2016 and continuing until at least February 2017, in the Northern District of Mississippi and elsewhere, the defendants, WILLIE FORD, JR., CAMESAE RASH, JIMMIE HUGGINS, a/k/a "Butterman", ALLEN HARPER, a/k/a "Bugeye" did knowingly and intentionally combine, conspire, and agree with Dejuan Martin, a/k/a "Lil Juan", who is not charged in this indictment, and with other persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride and cocaine base, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), all in violation of Title 21, United States Code, Section 846.

### Goal of the Conspiracy

It was the primary purpose and object of the conspiracy to establish a cocaine and cocaine base distribution network that would obtain and subsequently distribute cocaine and cocaine base

in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of cocaine and cocaine base to customers of the network.

## Manner and Means to Accomplish the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. It was part of the conspiracy that WILLIE FORD, JR., CAMESAE RASH, JIMMIE HUGGINS, a/k/a "Butterman", ALLEN HARPER, a/k/a "Bugeye", Dejuan Martin, a/k/a, "Lil Juan" and others, would and did distribute and possess with intent to distribute cocaine hydrochloride and cocaine base in the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

2. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

3. It was further part of the conspiracy that co-conspirators would correspond with each other and with other cocaine traffickers in Texas and Mississippi, among other places, to arrange the purchase and shipment of large quantities of cocaine into the Northern District of Mississippi, and elsewhere.

4. It was further part of the conspiracy that cocaine hydrochloride and cocaine base was prepared, packaged and/or stored, prior to distribution to buyers, in co-conspirators' premises,

known as "stash houses." Co-conspirators used these "stash houses" to avoid detection by law enforcement authorities.

5. It was further part of the conspiracy that co-conspirators transported and distributed cocaine hydrochloride and cocaine base to buyers in the Northern District of Mississippi, and elsewhere.

6. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

7. It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about February 21, 2017, in the Northern District of Mississippi, WILLIE FORD, JR., defendant, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE

On or about February 21, 2017, in the Northern District of Mississippi, WILLIE FORD, JR., defendant, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about February 21, 2017, in the Northern District of Mississippi, WILLIE FORD, JR., defendant, during and in relation to a drug trafficking crime, that is conspiracy to possess with the intent to distribute and possession with the intent to distribute cocaine hydrochloride and cocaine base as alleged in Counts One through Three of this Indictment, did knowingly and intentionally use, carry, and discharge a firearm, namely a Smith & Wesson, Model 60, .38 Caliber revolver, S/N: AHD8581, and did knowingly and intentionally possess said firearm, in furtherance of the drug trafficking crimes alleged in Counts One through Three of this Indictment, which are conspiracy to possess with the intent to distribute and possession with the intent to distribute cocaine hydrochloride and cocaine base, in violation of Title 18, United States Code, Section 924(c)(1)(A).

### Forfeiture Provision

The allegations contained in Count One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

This Indictment charges WILLIE FORD, defendant, with violations of Title 18, United States Code, Section 924(c). Upon conviction of any said violations of the law, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

A Smith & Wesson, Model 60, .38 Caliber revolver, S/N: AHD8581.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendant, WILLIE

FORD, JR., CAMESAE RASH, JIMMIE HUGGINS, a/k/a "Butterman", and ALLEN HARPER, a/k/a "Bugeye" shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

A TRUE BILL

_____  
**ACTING UNITED STATES ATTORNEY**

*/s/redacted signature*_____  
**FOREPERSON**